Tilghman, C. J. —
Four errors have been assigned in this record:
l..“That an attorney, or agent, .has ho authority to enter an amicable action, under the Act of the 21st of March, 1806.* That is a question which it is unnecessary to consider. Independently of that Act, an amicable action may be entered by attorney. It has been a long and general practice.
2. '“'That the. cause of action is not stated in this agreement.” The cause of action is sufficiently stated in the account at the head of the agreement. It was an account for goods sold, &c. agaipst Cook Isott. This account, the defendants undertook to pay. They .assumed the debt, and agreed to give judgment against themselves for it.
3. “ There is no confession of judgment in writing by the defendants below, expressing the amount due to the plaintiff.” This exception must have been taken with a view to the Act of 1806, on which the case does not depend. The agreement was a sufficient authority to the Prothonotary to enter an appearance of the defendants in proper person, and a confession of judgment by them for the sum mentioned in the agreement.
4. “ The judgment is entered by the Prothonotary, by virtue of a warrant to him directed, when, in fact, there is no warrant to him or any other person. A warrant of attorney-must be under seal.” It is a mistake, to call this a warrant of attorney. It is no such thing. It is an order to the Prothonotary to enter a> judgment according to a very common practice in this State. The Prothonotary does not call it a warrant of attorney, but a warrant, that is, an authority to him, as Prothonotary. But if be had called it by a wrong iiáme, that would not have invalidated the judgment, provided there was authority for entering it. These agreements to enter amicable actions and confess judgments, need not be under seal. I. have seen a great many of them, and do not recollect one under seal. I make no doubt, that thousands of judgments have been entered in this way; and they must not now be questioned.
*569 It is the opinion of the Court, that there is no error in ibis record; and therefore the judgment should be affirmed.
Judgment affirmed.