The opinion of the court was delivered by
Tilghman, C. J.
Thomas R. Peters, deceased, attorney at ■law, gave a written order to Alexander MlCalmont, prothonotary of the Court of. Common Pleas of Venango county, to enter judgment against him, in an action of debt, for the sum of ten thousand dollars in favour of his brother, Richard Peters, jun.; the defendant in error. In pursuance of this order, an amicable action of debt, Richard Peters, jun. v. Thomas R. Peters, was entered on the docket, and judgment confessed for4en thousand dollars.
Against this judgment it is objected, that it is not conformable to the act of the 21st of February, 1806; by which the prothonotary is authorized to enter judgment on a confession in writing by *198 the defendant, attested by two witnesses. If the judgment was founded on this act of assembly the objection would be good. But it was decided by this court, in the case of Cook v. Gilbert, (8 Serg. & Rawle, 567,) that the act was affirmative, and did not mean to prohibit the entry of judgments according to a practice existing prior to its date. And we are of opinion that the judgment entered in. the present ease was warranted by that practice. It was objected also, that the judgment ought not to have been entered, because it did not appear that the plaintiff assented to it. But the assent of the plaintiff may be presumed, because the judgment was for his benefit, and because his positive assent was subsequently given. If there was any thing unfair in this transaction, the creditors of Thomas R. Peters may contest it. They may commence actions against the administrators, and if this judgment is set up against them, they may aver that it was confessed by-fraud, and put the plaintiff to the proof of a good consideration. But the only question at present is, whether any error appears on the face of the record. It is the opinion of the court that there is no error, and therefore the judgment should be affirmed.
Judgment affirmed'.